***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with modifications.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. An employee-employer relationship existed between plaintiff and defendant-employer on September 6, 2000.
4. Plaintiff suffered a compensable injury by accident arising out of and in the course and scope of his employment on September 6, 2000.
5. Plaintiff's average weekly wage was $ 809.61, yielding a compensation rate of $ 539.76.
6. Defendants have paid temporary partial disability compensation to plaintiff from September 7, 2000, through May 16, 2001, and temporary total disability compensation from May 17, 2001, through the present.
 *********** EXHIBITS
The following exhibits were submitted and admitted into evidence by the Deputy Commissioner as:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: Industrial Commission Documents *Page 3 
 *********** ISSUES (a) Whether plaintiff's fiancée is entitled to be paid for attendant care services between March 29, 2004, and October 11, 2004; and
 (b) Whether plaintiff's fiancée is entitled to payment for attendant care services beyond the four hours per day, seven days a week, currently being paid by defendants.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a truck driver by defendant-employer, Wilson Trucking. While working on September 6, 2000, he suffered a herniated disc as he was climbing a ladder to get on a dock from a concrete pad. Defendants accepted the injury as compensable pursuant to a Form 60.
2. Following the incident, plaintiff initially received conservative medical treatment, including epidural steroid injections and facet block injections by Dr. David C. Miller at Carolina Regional Orthopaedics.
3. On February 5, 2001, plaintiff underwent multiple level decompressive laminectomies by Dr. Miller.
4. Because plaintiff continued to suffer from constant back pain, Dr. Miller ordered an MRI and discogram, which reproduced pain at several levels. On May 3, 2002, plaintiff underwent three-level fusion surgery by Dr. Miller. *Page 4 
5. On February 11, 2003, Dr. Miller stated plaintiff had reached MMI and assigned him a 25% permanent partial impairment rating to his back.
6. Thereafter, plaintiff then began treating with Dr. Alexander J. Ghanayem of Loyola University Medical Center. In January 2004, Dr. Ghanayem recommended a repeat myelogram and CT scan, which revealed possible lucency around the pedicle screws and pseudoarthrosis at L4-5. Dr. Ghanayem recommended a corrective osteotomy of the fusion and referred plaintiff to Dr. Anthony Rinella.
7. Dr. Rinella evaluated plaintiff on February 17, 2004, and diagnosed him with fixed sagittal imbalance. On March 29, 2004, Dr. Rinella performed a pedicle subtraction osteotomy at L4 with revision instrumentation from L2-S1 with iliac screws.
8. Plaintiff was then referred to Dr. Eugene G. Lipov at the Advanced Pain Center. In June 2004, Dr. Lipov fitted plaintiff with an external algoline catheter for pain relief. The catheter was removed in July 2004 due to plaintiff's complaints.
9. When plaintiff's pain increased significantly, Dr. Rinella recommended placement of a permanent morphine pump, and referred plaintiff to Dr. Konstantin Slavin, a neurosurgeon. On September 14, 2004, Dr. Rinella noted that he had discussed plaintiff's case with Dr. Slavin, and that Dr. Slavin recommended that a spinal cord stimulator be tried before resorting to the morphine pump.
10. Plaintiff was not married at the time the Deputy Commissioner decided this matter, but lived with his fiancée, Cynthia Stoops. For practical purposes, Ms. Stoops' role in plaintiff's life was comparable to that of a spouse. As of the date of hearing before the Full Commission, plaintiff and Ms. Stoops were married. *Page 5 
11. On October 12, 2004, Dr. Rinella wrote a prescription for Ms. Stoops to provide "full-time" assistance to plaintiff. On November 2, 2004, Dr. Rinella ordered a home study assessment that was performed on November 19, 2004. Following his receipt of the study, Dr. Rinella stated on January 4, 2005, that plaintiff "was very heavily dependent on his fiancée for the basic activities of daily living."
12. Plaintiff filed a medical Motion seeking attendant care on December 28, 2004. On January 21, 2005, an administrative Order was entered by the Executive Secretary's Office requiring defendants to compensate Ms. Stoops in the amount of $ 10.00 an hour for four hours per day, seven days per week, for attendant care from March 29, 2004.
13. Defendants began paying Ms. Stoops $ 280.00 per week in attendant care benefits as of October 12, 2004, the date of Dr. Rinella's prescription, but filed a Form 33 on the issue of whether attendant care was owed since March 29, 2004. Ms. Stoop's current compensation rate of $ 10.00 per hour is not in dispute.
14. With regard to the number of hours of attendant care required by plaintiff, Dr. Rinella testified that plaintiff requires 16 to 18 hours of attendant care everyday. Referring to Ms. Stoops, Dr. Rinella testified that "on some levels she's on call twenty-four hours, because if something happened to him in the middle of the night — she would have to deal with it."
15. Plaintiff's family physician, Dr. David Demorest, testified that plaintiff requires 24-hour attendant care.
16. Based upon the greater weight of the evidence of record, including the testimony of plaintiff's wife and treating physicians, the Full Commission finds that plaintiff's wife, Cynthia Stoops Speight, has provided attendant care services to plaintiff seven days a week, at an average of 16 hours per day, since March 29, 2004, the date Dr. Rinella performed a pedicle *Page 6 
subtraction osteotomy on plaintiff. Such care was, and continues to be reasonably necessary to provide relief to plaintiff. Further, the Full Commission finds that plaintiff would benefit from 4 hours a day of professional attendant care services at the reasonable market rate to provide a short respite to plaintiff's wife, who bares the burden of providing nearly full-time care to plaintiff.
17. The Full Commission finds that plaintiff's counsel, who represents that he has not been awarded any fees in this matter, has provided a valuable service to plaintiff in the hearings of this matter before the Deputy Commissioner and the Full Commission. Based upon his invested time and the results achieved, the Full Commission finds it proper to award reasonable attorney's fees to plaintiff's counsel.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's wife, Cynthia Stoops Speight, is entitled to payment for attendant care services provided to plaintiff seven days a week, 16 hours per day, at a rate of $ 10.00 per hour, since March 29, 2004, and continuing until further Order of the Commission. N.C. Gen. Stat. §§97-2(19) and 97-25.
2. Plaintiff is entitled to 4 hours a day of professional attendant care services at the reasonable market rate to provide a short daily respite to plaintiff's wife, who bares the burden of providing nearly full-time care to plaintiff. N.C. Gen. Stat. §§ 97-2(19) and 97-25. This attendant care shall be continuing until further order of the Commission, and shall commence within thirty (30) days of the entry of this Opinion and Award. Id. *Page 7 
3. Defendants are entitled to a credit for amounts previously paid for attendant care. N.C. Gen. Stat. § 97-42.
4. Based upon his invested time and the results achieved in this matter, plaintiff's counsel is entitled to reasonable attorney's fees related to plaintiff's continuing disability compensation, and the attendant care services awarded herein. N.C. Gen. Stat. §§ 97-90.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 A W A R D
1. From March 29, 2004, and continuing until further Order of the Commission, defendants shall pay plaintiff's wife, Cynthia Stoops Speight, $ 1120.00 per week for attendant care services provided to plaintiff seven days a week, 16 hours per day, at a rate of $ 10.00 per hour.
2. Defendants shall provide to plaintiff 4 hours a day of professional attendant care services at the reasonable market rate to provide a short daily respite to plaintiff's wife, who bares the burden of providing nearly full-time care to plaintiff. This attendant care shall be continuing until further order of the Commission, and shall commence within thirty (30) days of the entry of this Opinion and Award.
3. Defendants shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of thirty-three and one-third percent (33 1/3%) of the temporary total disability compensation that defendants continue to pay to plaintiff. Beginning with the date of entry of this Opinion and Award, defendants shall pay directly to plaintiff's counsel every third check of compensation due plaintiff. *Page 8 
4. Defendants shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the attendant care fee awarded to Cynthia Stoops Speight herein, retroactive to March 29, 2004, and payable through the date of entry of this Opinion and Award. This fee shall not be deducted from the attendant care fee that is due to Cynthia Stoops Speight but, rather, shall be assessed as a cost to defendants.
5. Defendants shall receive a credit for amounts previously paid for attendant care.
6. Defendants shall pay the costs due the Commission.
This 29th day of January 2007.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ THOMAS J. BOLCH COMMISSIONER *Page 1